UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARVIN LAVEL JOHNSON,

       Petitioner,

v.                                    CASE NO. 09-CV-10108
                                     HONORABLE MARIANNE O. BATTANI

CINDI CURTIN,

       Respondent.
_____/

**OPINION AND ORDER STAYING AND ADMINISTRATIVELY CLOSING CASE**

I.      Introduction

This is a habeas case under 28 U.S.C. § 2254. Marvin Lavel Johnson ("Petitioner"), a Michigan prisoner currently confined at the Oaks Correctional Facility in Manistee, Michigan, was convicted of first-degree criminal sexual conduct (person under 13) in the Wayne County Circuit Court and was sentenced to 210 to 600 months imprisonment in 2005. In his petition, he raises claims concerning pre-arrest delay, the admission of similar acts evidence, and prosecutorial misconduct relative to the admission of his police statements. For the reasons set forth herein, the Court concludes that Petitioner has not fully exhausted his state court remedies. Due to timeliness concerns, the Court shall stay and administratively close this case pending the exhaustion of state court remedies or a motion to re-open the case to proceed only on the exhausted claims.

II.     Analysis

A prisoner filing a petition for a writ of habeas corpus under 28 U.S.C. §2254 must first exhaust all state remedies.  *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999) ("state prisoners must give the state courts one full fair opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process"); *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994).  A Michigan prisoner must raise each issue he seeks to present in a federal habeas proceeding to the state courts.  Each issue must be presented to both the Michigan Court of Appeals and the Michigan Supreme Court to satisfy the exhaustion requirement.  *See Welch v. Burke*, 49 F. Supp. 2d 992, 998 (E.D. Mich. 1999); *see also Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990).  The burden is on the petitioner to prove exhaustion.  *Rust*, 17 F.3d at 160.

Petitioner has not met his burden of demonstrating exhaustion of state court remedies.  He admits that he did not present his prosecutorial misconduct claim to the Michigan Court of Appeals and first raised that claim before the Michigan Supreme Court on discretionary review.  Submission of claims to a state's highest court on discretionary review does not constitute "fair presentation" when such review is granted only upon "special and important reasons."  *Castille v. Peoples*, 489 U.S. 346, 349 (1989).  Petitioner has failed to show that he has properly exhausted all of his habeas claims in the state courts.

Generally, a federal district court should dismiss a "mixed" petition for writ of habeas corpus, that is, one containing both exhausted and unexhausted claims, "leaving the prisoner with the choice of returning to state court to exhaust his claims or amending and resubmitting the habeas petition to present only exhausted claims to the district court."  *Rose v. Lundy*, 455 U.S.

509, 510 (1982); *see also Rust*, 17 F.3d at 160.  While the exhaustion requirement is strictly enforced, it is not a jurisdictional prerequisite for bringing a habeas petition.  *See Granberry v. Greer*, 481 U.S. 129, 134-35 (1987).  For example, an unexhausted claim may be addressed if pursuit of a state court remedy would be futile, *see Witzke v. Withrow*, 702 F. Supp. 1338, 1348 (W.D. Mich. 1988), or if the unexhausted claim is meritless such that addressing it would be efficient and not offend federal-state comity.  *See Prather v. Rees*, 822 F.2d 1418, 1422 (6th Cir. 1987); *see also* 28 U.S.C. § 2254(b)(2) (habeas petition may be denied on the merits despite the failure to exhaust state court remedies).  Additionally, a federal district court has discretion to stay a mixed habeas petition to allow a petitioner to present his unexhausted claims to the state courts in the first instance and then return to federal court on his perfected petition.  *See Rhines v. Weber*, 544 U.S. 269, 276 (2005).  Stay and abeyance is available only in "limited circumstances" such as when the one-year statute of limitations applicable to federal habeas actions poses a concern, and when the petitioner demonstrates "good cause" for the failure to exhaust state court remedies before proceeding in federal court and the unexhausted claims are not "plainly meritless."  *Id*. at 277.

Petitioner has available remedies in the Michigan courts which must be exhausted before proceeding in federal court.  For example, he may file a motion for relief from judgment pursuant to Michigan Court Rule 6.500 with the trial court and pursue his unexhausted claim in the state appellate courts as necessary.  His unexhausted claim should therefore be addressed to, and considered by, the state courts in the first instance.

The remaining question is whether the Court should dismiss the mixed habeas petition without prejudice or stay the proceedings to allow Petitioner to fully exhaust state remedies.

Having reviewed the matter, the Court finds that a stay is warranted. First, the one-year statute of limitations applicable to federal habeas actions could pose a problem if the Court were to dismiss the petition to allow for further exhaustion of state remedies. *See* 28 U.S.C. § 2244(d)(1). Petitioner's convictions became final 90 days after the Michigan Supreme Court denied leave to appeal – on or about January 27, 2008. He dated the instant petition on January 5, 2009. Thus, only a few weeks of the one-year period remain. Second, Petitioner alleges that defense counsel refused to raise the unexhausted claim in the Michigan Court of Appeals. If he were to establish that counsel was ineffective, good cause could be shown. Third, Petitioner's unexhausted prosecutorial misconduct claim, arising from the admission of his police statements, concerns a matter of federal law and does not appear to be plainly meritless. Lastly, there is no evidence of intentional delay. Accordingly, a stay of the proceedings, rather than a non-prejudicial dismissal, is appropriate.

III.   Conclusion

For the reasons stated, the Court concludes that Petitioner has failed to fully exhaust state court remedies as to the claims presented in his habeas petition. The Court further concludes, however, that dismissal of the petition could deprive Petitioner of the opportunity to seek federal habeas relief.

Accordingly,

The Court **STAYS** this habeas case pending Petitioner's proper exhaustion of state court remedies as to his unexhausted prosecutorial misconduct claim. The stay is conditioned on Petitioner presenting his unexhausted claim to the state courts within **60 days** of this order if he has not already done so. *See Hill v. Anderson*, 300 F.3d 679, 683 (6th Cir. 2002). The stay is

further conditioned on Petitioner's return to this Court with a motion to re-open this case, using the same caption and case number, within **30 days** of exhausting state remedies.  *See Palmer v. Carlton*, 276 F.3d 777, 781 (6th Cir. 2002) (adopting approach taken in *Zarvela v. Artuz*, 254 F.3d 374, 381 (2d Cir. 2001)).  Should Petitioner fail to comply with these conditions, his case could be subject to dismissal.  This case is **CLOSED for Administrative Purposes** pending compliance with these conditions.  Should Petitioner wish to proceed only on the exhausted claims and withdraw the unexhausted claim, he may move to re-open this case and proceed on the exhausted claims within **30 days** of the filing date of this order.

    **IT IS SO ORDERED**.


    s/Marianne O. Battani
    MARIANNE O. BATTANI
    UNITED STATES DISTRICT JUDGE

Dated: January 27, 2009


CERTIFICATE OF SERVICE

    I hereby certify that on the above date a copy of this Opinion and Order was served upon Marvin Lavel Johnson via U.S. Mail.

    s/Bernadette M. Thebolt
    Case Manager