UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARVIN JOHNSON, #222992,

        Petitioner,

v.

        CASE NO. 2:09-CV-10108
        HONORABLE MARIANNE O. BATTANI

RAYMOND BOOKER,

        Respondent.
                                        /

**OPINION AND ORDER DENYING THE PETITION FOR A WRIT OF
HABEAS CORPUS, DENYING A CERTIFICATE OF APPEALABILITY,
AND DENYING LEAVE TO PROCEED IN FORMA PAUPERIS ON APPEAL**

**I.    Introduction**

This is a habeas case brought pursuant to 28 U.S.C. § 2254. Michigan prisoner Marvin Johnson ("Petitioner" or "Defendant") was convicted of first-degree criminal sexual conduct, MICH. COMP. LAWS § 750.520b(1)(a) (person under 13), following a jury trial in the Wayne County Circuit Court. He was sentenced to 17 ½ years to 50 years imprisonment in 2005. In his pleadings, Petitioner raises claims concerning pre-arrest delay, the admission of other acts evidence, and police/prosecutorial misconduct relative to the admission of his police statement. For the reasons set forth, the Court denies the petition for a writ of habeas corpus. The Court also denies a certificate of appealability and denies leave to proceed in forma pauperis on appeal.

**II.    Facts and Procedural History**

Petitioner's conviction arises from his sexual assault of his 12-year-old daughter at his mother's residence in Detroit, Michigan in February, 2003. The Michigan Court of

Appeals set forth the following facts, which are presumed correct on federal habeas review, 28 U.S.C. § 2254(e)(1); Wagner v. Smith, 581 F.3d 410, 413 (6th Cir. 2009).

> Defendant was incarcerated for an unrelated crime until September 29, 2002, when he was released on parole. The crime at issue, defendant's sexual assault of his 12–year–old daughter, occurred in February 2003. Due to an unrelated technical parole violation, defendant returned to prison on March 31, 2003. The victim reported the sexual assault to police on July 16, 2004. Defendant was charged with the crime on April 21, 2005, and defendant finished serving a maximum prison term for the unrelated crime on June 1, 2005. Jury trial commenced on the instant charges on November 30, 2005 and the jury found him guilty as charged on December 2, 2005. The trial court sentenced defendant to 210 to 600 months imprisonment.

People v. Johnson, No. 267660, 2007 WL 1345863, *1 (Mich. Ct. App. May 8, 2007) (unpublished).

At trial, the victim testified that Petitioner took her to his mother's house for the weekend in February, 2003. She and Petitioner shared a pull-out bed in the den. During the night, Petitioner woke her up and told her to pull her pants down. She did so. Petitioner then rubbed Vaseline on her anal area and penetrated her anus with his penis. When she subsequently used the bathroom, the victim noticed "yellow" on the toilet paper. The victim eventually told her step-sister and her mother what happened and they reported the incident to police.

The trial court also admitted other acts evidence involving the victim, Petitioner's other daughter, and Petitioner's stepdaughter at trial. The Michigan Court of Appeals summarized those incidents as follows:

> 1. Defendant had both anal and vaginal intercourse with his stepdaughter, claiming he was disciplining her. Thereafter, he sexually abused her until he impregnated her.
>
> 2. Defendant penetrated the victim's anus with his finger, claiming he was disciplining her, and told her he would put something bigger in her behind the

next time she got in trouble.

3. Defendant drove the victim to a park and told her to undress, telling her she needed to be comfortable while naked in front of her father. She complied and cried, and defendant drove her home.

4. Defendant drove another daughter to a park and told her to take off her pants. She complied and cried, and defendant drove her home.

Johnson, 2007 WL 1345863 at *2.

Petitioner did not testify at trial. A written statement that he made to police was admitted into evidence. In that statement, Petitioner recalled staying at his mother's house with the victim, sleeping on a pull-out bed with the victim, and waking up next to her with an erect penis. He claimed that the victim mistakenly thought they had anal sex due to his erect penis being near her bottom.

Following his conviction and sentencing, Petitioner filed an appeal of right with the Michigan Court of Appeals raising claims concerning pre-arrest delay and the admission of other acts evidence. The court denied relief on those claims and affirmed his conviction. Id.[1] Petitioner filed an application for leave to appeal with the Michigan Supreme Court, which was denied in a standard order. People v. Johnson, 480 Mich. 922, 740 N.W.2d 295 (2007).

Petitioner thereafter instituted this federal habeas action, raising claims concerning pre-arrest delay, the admission of other acts evidence, and police/prosecutorial misconduct relative to the admission of his police statement. Upon preliminary review, the Court determined that Petitioner had filed a mixed petition containing both exhausted and

---

[1] Petitioner also filed a habeas corpus petition in the Manistee County Circuit Court alleging a violation of Michigan's 180-day rule, which was dismissed on procedural/jurisdictional grounds in 2006.

unexhausted claims, stayed the proceedings, and administratively closed the case to allow Petitioner to return to state court to exhaust his remedies as to his unexhausted police/prosecutorial misconduct claim.

Petitioner filed a motion for relief from judgment with the state trial court raising his police/prosecutorial misconduct claim. The trial court denied relief pursuant to Michigan Court Rule 6.508(D)(3). People v. Johnson, No. 05-006126-01 (Wayne Co. Cir. Ct. June 16, 2009). Petitioner filed a delayed application for leave to appeal with the Michigan Court of Appeals, which was dismissed as untimely pursuant to Michigan Court Rule 7.205(F)(3). People v. Johnson, No. 300131 (Mich. Ct. App. Jan. 2, 2011). Petitioner filed an application for leave to appeal with the Michigan Supreme Court, which was denied in a standard order. People v. Johnson, 489 Mich. 991, 800 N.W.2d 589 (2011).

Petitioner thereafter moved to reopen his habeas case to proceed on his claims. The Court granted his request and reopened the case. Respondent filed an answer to the petition contending that it should be denied because the claims lack merit and/or are barred by procedural default.

### III.   Standard of Review

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), codified 28 U.S.C. § 2241 et seq., provides the standard of review for federal habeas cases brought by state prisoners. The AEDPA provides in relevant part:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim--
>
> > (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as

> determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. §2254(d) (1996).

"A state court's decision is 'contrary to' ... clearly established law if it 'applies a rule that contradicts the governing law set forth in [Supreme Court cases]' or if it 'confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [that] precedent.'" Mitchell v. Esparza, 540 U.S. 12, 15-16 (2003) (per curiam) (quoting Williams v. Taylor, 529 U.S. 362, 405-06 (2000)); Bell v. Cone, 535 U.S. 685, 694 (2002). "[T]he 'unreasonable application' prong of § 2254(d)(1) permits a federal habeas court to 'grant the writ if the state court identifies the correct governing legal principle from [the Supreme] Court but unreasonably applies that principle to the facts of petitioner's case." Wiggins v. Smith, 539 U.S. 510, 520 (2003) (quoting Williams, 529 U.S. at 413); Bell, 535 U.S. at 694.  However, "[i]n order for a federal court find a state court's application of [Supreme Court] precedent 'unreasonable,' the state court's decision must have been more than incorrect or erroneous.  The state court's application must have been 'objectively unreasonable.'" Wiggins, 539 U.S. at 520-21 (citations omitted).  The "AEDPA thus imposes a 'highly deferential standard for evaluating state-court rulings,' and 'demands that state-court decisions be given the benefit of the doubt.'" Renico v. Lett, 559 U.S. 766, 773 (2010) (quoting Lindh, 521 U.S. at 333, n. 7); Woodford v. Viscotti, 537 U.S. 19, 24 (2002) (per curiam)).

The Supreme Court has held that "a state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the

correctness of the state court's decision." Harrington v. Richter, _ U.S. _, 131 S. Ct. 770, 786 (2011) (citing Yarborough v. Alvarado, 541 U.S. 652, 664 (2004)). The Supreme Court emphasized "that even a strong case for relief does not mean the state court's contrary conclusion was unreasonable." Id. (citing Lockyer v. Andrade, 538 U.S. 63, 75 (2003)). Pursuant to § 2254(d), "a habeas court must determine what arguments or theories supported or ... could have supported, the state court's decision; and then it must ask whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision" of the Supreme Court. Id. Thus, in order to obtain habeas relief in federal court, a state prisoner must show that the state court's rejection of his claim "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." Id.

Section 2254(d)(1) limits a federal habeas court's review to a determination of whether the state court's decision comports with clearly established federal law as determined by the Supreme Court at the time the state court renders its decision. Williams, 529 U.S. at 412; see also Knowles v. Mirzayance, 556 U.S. 111, 122 (2009) (noting that the Supreme Court "has held on numerous occasions that it is not 'an unreasonable application of clearly established Federal law' for a state court to decline to apply a specific legal rule that has not been squarely established by this Court" and quoting Wright v. Van Patten, 552 U.S. 120, 125-26 (2008) (per curiam). Section 2254(d) "does not require a state court to give reasons before its decision can be deemed to have been 'adjudicated on the merits.'" Harrington, 131 S. Ct. at 785. Furthermore, it "does not require citation of [Supreme Court] cases–indeed, it does not even require *awareness* of

6

[Supreme Court] cases, so long as neither the reasoning nor the result of the state-court decision contradicts them." Early v. Packer, 537 U.S. 3, 8 (2002). While the requirements of "clearly established law" are to be determined solely by Supreme Court precedent, the decisions of lower federal courts may be useful in assessing the reasonableness of the state court's resolution of an issue. See Stewart v. Erwin, 503 F.3d 488, 493 (6th Cir. 2007) (citing Williams v. Bowersox, 340 F.3d 667, 671 (8th Cir. 2003)); Dickens v. Jones, 203 F. Supp. 354, 359 (E.D. Mich. 2002).

A state court's factual determinations are presumed correct on federal habeas review. 28 U.S.C. § 2254(e)(1). A habeas petitioner may rebut this presumption only with clear and convincing evidence. Warren v. Smith, 161 F.3d 358, 360-61 (6th Cir. 1998). Moreover, habeas review is "limited to the record that was before the state court." Cullen v. Pinholster, _ U.S. _, 131 S. Ct. 1388, 1398 (2011).

### IV.   Analysis

#### A.   Pre-Arrest Delay Claim

Petitioner asserts that he is entitled to habeas relief due to the delay between when the victim reported the sexual assault to police and when he was arrested on the criminal sexual conduct charge. Respondent contends that this claim lacks merit.

The Michigan Court of Appeals denied relief on this claim finding that Petitioner failed to establish a due process violation. The court explained in relevant part:

> This Court applies a two-part balancing test to determine if an oppressive prearrest delay violated a defendant's due process rights. People v. Bisard, 114 Mich App 784, 791; 319 NW2d 670 (1982). First, the defendant must establish "some actual and substantial prejudice." Id. "Substantial prejudice is prejudice of a kind or sort that the defendant's ability to defend against the charges was so impaired that it likely affected the outcome of the trial. Actual prejudice is not established by general allegations or speculative

claims of faded memories, missing witnesses, or other lost evidence." Tanner, supra at 414 (citations omitted). Second, the prosecution must have intended to gain a tactical advantage by delaying charges. Id.

Defendant claims in particular that the prosecution's witnesses were unable to specifically remember when events occurred, and this inability to remember dates prejudiced defendant because he was thereby unable to present an alibi defense that he was in prison at the time of the events. Defendant was released from prison on September 30, 2002. One stepdaughter testified that defendant began sexually abusing her approximately two months after he came back, around December 2002. The victim testified that her father sexually abused her around Christmas 2002, and New Year's 2003, and again a month after that, but could not remember the exact dates. A third daughter testified that defendant was sexually inappropriate with her in February 2003. Defendant returned to prison in March 2003. A review of the record reveals that none of the witnesses wavered from the timeframe of when the events they described transpired, and none of them testified that any abuse took place after February 2003. In addition, defendant himself gave a statement where he admitted to being present during the time when the victim said the abuse occurred. The witnesses' inability to remember exact dates did not preclude defendant from presenting an alibi.

Defendant also claims that it was more difficult to persuade the jury that the victim was mistaken when she testified as a 15–year–old rather than the 12–year–old that allegedly experienced the assault. But defendant does not explain or support this contention. Regardless, there was only a ten-month delay between when the incident was reported and when defendant was charged, and therefore, the victim would have been only ten months younger had defendant been arrested the same day that the assault was reported.

Defendant also claims that the prearrest delay prevented him from making chemical comparison tests of a yellow substance the victim saw on toilet paper she used following the assault. Defendant does not show how a ten-month prearrest delay would have any effect on this evidence. If the victim had preserved the toilet paper until she reported the crime in July 2004, it would be logical to assume she would have either turned it over to the police when she reported the assault, or continued to preserve it until defendant was arrested and brought to trial.

In sum, defendant was unable to show how the delay prejudiced his defense. Defendant has presented no evidence to show that the prosecution deliberately delayed charging him in order to gain a tactical advantage. Rather, police testified at trial that the delay was due to defendant not being

in the area, combined with the victim not being in any immediate danger. Defendant's due process rights were not violated by any prearrest delay.

Johnson, 2007 WL 1345863 at *1-2.

The state court's decision is neither contrary to Supreme Court precedent nor an unreasonable application of federal law or the facts. The Sixth Amendment to the United States Constitution provides a criminal defendant with the constitutional right to a speedy trial. U.S. CONST. AMEND. VI. The Due Process Clause of the Fifth Amendment to the United States Constitution prohibits unjustified pre-indictment or pre-arrest delay. United States v. Lovasco, 431 U.S. 783, 789 (1977); United States v. Marion, 404 U.S. 307, 324-26 (1971). To prevail on such a claim, a defendant must show substantial prejudice to his right to a fair trial and intent by the prosecution to gain a tactical advantage. Marion, 404 U.S. at 324; United States v. Brown, 959 F.2d 63, 66 (6th Cir. 1992).

In this case, Petitioner has not shown that he was prejudiced by the delay between the victim reporting the incident and his arrest on the charge. First, there was only a 10-month delay between when the victim reported the crime and Petitioner's arrest on the charge. Second, the fact that the victim and the witnesses were one or two years older at the time of trial was inconsequential. The victim was 12 years old, not a young child, when the incident occurred, and the jurors were well aware of the lapse in time. Third, any delay in charging Petitioner did not affect his ability to present an alibi or other defense at trial. The victim and other witnesses testified that the events at issue occurred between December, 2002 and February, 2003, but they could not remember exact dates. Petitioner was present in their lives (not in prison) during that time frame. Moreover, in his police statement, Petitioner admitted laying next to the victim with an erect penis, but

9

claimed that she was mistaken about what transpired. Fourth, there is no indication in the record that any preserved evidence, let alone exculpatory evidence, was lost due to the charging or trial delay.

Petitioner has also not shown that the police or the prosecutor intentionally delayed the proceedings to gain a tactical advantage at trial. To the contrary, the record indicates that the delay arose from Petitioner not being in the area (because he was in prison on an unrelated matter) and the fact that the victim was not in immediate danger. Petitioner has failed to establish a violation of his federal due process rights. Habeas relief is not warranted on this claim.[2]

### B. Other Acts Evidence Claim

Petitioner also asserts that he is entitled to habeas relief because the trial court erred in admitting other acts evidence, namely testimony from the victim, another

---

[2]Petitioner is also not entitled to relief on any claim alleging a violation of Michigan's 180-day rule or his Sixth Amendment speedy trial rights. It is well-settled that federal habeas relief "does not lie for errors of state law." Estelle v. McGuire, 502 U.S. 62, 67 (1991) (citing Lewis v. Jeffers, 497 U.S. 764, 780 (1990)). Thus, to the extent that Petitioner contends that Michigan's 180–day rule was violated, he fails to state a claim for federal habeas relief. See Burns v. Lafler, 328 F. Supp. 2d 711, 722 (E.D. Mich. 2004) (denying habeas relief on similar claim). Petitioner also cannot prevail on a Sixth Amendment speedy trial claim. To determine whether a speedy trial violation has occurred, a court considers four factors: (1) the length of the delay, (2) the reason for the delay, (3) the defendant's assertion of his rights, and (4) the prejudice to the defendant. Barker v. Wingo, 407 U.S. 514, 530 (1972). No single factor is determinative, but the length of delay is a "triggering factor" because "until there is some delay which is presumptively prejudicial, there is no necessity for inquiry into the other factors that go into the balance." Id. To trigger a speedy trial analysis, a defendant must allege that the interval between accusation and trial crossed the line between ordinary delay and presumptively prejudicial delay. Doggett v. United States, 505 U.S. 647, 651-52 (1992). Delays of a year or more are considered "presumptively prejudicial." Id. at 652, n. 1. Here, the delay between when Petitioner was charged and when he was tried was just over seven months. No speedy trial violation occurred.

daughter, and his step-daughter about other inappropriate sexual contact. Respondent contends that this claim is barred by procedural default and lacks merit.

The Michigan Court of Appeals denied relief on this claim, finding that the evidence was properly admitted under state evidentiary rules. The court ruled that the evidence was properly admitted to show the lack of Petitioner's innocent intent and the absence of mistake by the victim, as well as evidence of Petitioner's common scheme, plan, or system of taking advantage of his parental authority over his daughters. The court further ruled that the probative value of the evidence was not substantially outweighed by its prejudicial effect. Johnson, 2007 WL 1345863 at *2-3.

The state court's decision is neither contrary to Supreme Court precedent nor an unreasonable application thereof. Alleged trial court errors in the application of state evidentiary law are generally not cognizable as grounds for federal habeas relief. See Estelle v. McGuire, 502 U.S. 62, 67–68 (1991) ("it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions"); Serra v. Michigan Dep't of Corrections, 4 F.3d 1348, 1354 (6th Cir. 1993). "Trial court errors in state procedure or evidentiary law do not rise to the level of federal constitutional claims warranting relief in a habeas action, unless the error renders the proceeding so fundamentally unfair as to deprive the petitioner of due process under the Fourteenth Amendment." McAdoo v. Elo, 365 F.3d 487, 494 (6th Cir. 2004) (quoting McGuire, 502 U.S. at 69-70); see also Wynne v. Renico, 606 F.3d 867, 871 (6th Cir. 2010) (citing Bey v. Bagley, 500 F.3d 514, 519-20 (6th Cir. 2007)); Bugh v. Mitchell, 329 F.3d 496, 512 (6th Cir. 2003).

Accordingly, to the extent that Petitioner asserts that the trial court erred in

admitting the disputed testimony under the Michigan Rules of Evidence, he merely alleges a state law violation which does not entitle him to federal habeas relief. Bey, 500 F.3d at 519. State courts are the final arbiters of state law and the federal courts will not intervene in such matters. Lewis v. Jeffers, 497 U.S. 764, 780 (1990); see also Bradshaw v. Richey, 546 U.S. 74, 76 (2005); Sanford v. Yukins, 288 F.3d 855, 860 (6th Cir. 2002).

Petitioner also fails to establish that the admission of the evidence violated his due process rights. As to the admission of other acts, the United States Supreme Court has declined to hold that similar "other acts" evidence is so extremely unfair that its admission violates fundamental conceptions of justice. Dowling v. United States, 493 U.S. 342, 352-53 (1990). Thus, "[t]here is no clearly established Supreme Court precedent which holds that a state violates due process by permitting propensity evidence in the form of other bad acts evidence." Bugh, 329 F.3d 496, 512 (6th Cir. 2003). Consequently, there is no Supreme Court precedent that the state court decisions could be deemed "contrary to" under 28 U.S.C. § 2254(d)(1). Id. at 513; Adams v. Smith, 280 F. Supp. 2d 704, 716 (E.D. Mich. 2003). Petitioner thus fails to state a claim upon which habeas relief may be granted as to this issue.

Furthermore, even if Petitioner states a cognizable claim, he is not entitled to relief. He has not shown that the admission of the other acts evidence rendered his trial fundamentally unfair. The other acts evidence was relevant and admissible on the issue of Petitioner's intent, lack of mistake by the victim, and a common plan or scheme under Michigan Rule of Evidence 404(b). The prosecution did not make an improper propensity argument at trial. The trial court also instructed the jury on the proper consideration of the evidence. Jurors are presumed to follow the court's instructions. See Penry v. Johnson,

532 U.S. 782, 799 (2001) (citing Richardson v. Marsh, 481 U.S. 200, 211 (1987)); United States v. Powell, 469 U.S. 57, 66 (1984) ("Jurors ... take an oath to follow the law as charged, and they are expected to follow it."). Petitioner has not established that the admission of the other acts evidence was erroneous or, more importantly, that it rendered his trial fundamentally unfair. Habeas relief is not warranted on this claim.[3]

### C. Police/Prosecutorial Misconduct Claim

Lastly, Petitioner asserts that he is entitled to habeas relief because the police and the prosecutor engaged in misconduct during the course of obtaining his police statement and admitting it into evidence at trial. Respondent contends that this claim is unexhausted, barred by procedural default, and does not warrant relief.

A state prisoner filing a petition for a writ of habeas corpus under 28 U.S.C. §2254 must first exhaust all state remedies. See O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999) ("state prisoners must give the state courts one full fair opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process"); Rust v. Zent, 17 F.3d 155, 160 (6th Cir. 1994). Each issue must be properly raised before both the Michigan Court of Appeals and the Michigan Supreme Court to satisfy the exhaustion requirement. Welch v. Burke, 49 F. Supp. 2d 992, 998 (E.D. Mich. 1999); see also Hafley v. Sowders, 902 F.2d 480, 483 (6th Cir. 1990). The claims must also be "fairly presented" to the state courts, meaning that the petitioner must have asserted both the factual and legal bases for the claims in the state courts. McMeans v. Brigano, 228 F.3d 674, 681 (6th Cir. 2000); see also Williams v. Anderson,

---

[3] Given the Court's determination that this claim lacks merit, the Court need not address the procedural default issue.

460 F.3d 789, 806 (6th Cir. 2006) (citing McMeans). The burden is on the petitioner to prove exhaustion. Rust, 17 F.3d at 160.

The record indicates that Petitioner did not properly exhaust this claim on direct appeal in the state courts, but returned to state court and raised it in his motion for relief from judgment before the trial court. The trial court denied relief on procedural grounds. Petitioner then had 12 months to seek leave to appeal that decision in the Michigan Court of Appeals. See Mich. Ct. R. 6.509(A) (former version of the rule provided a 12-month appeal time limit, which was amended to 6 months on September 28, 2011). He did not do so. Consequently, the Michigan Court of Appeals denied his delayed application for leave to appeal as untimely under Michigan Court Rule 7.205(F)(3). The Michigan Supreme Court then denied leave to appeal in a standard, unexplained order. Petitioner thus failed to properly exhaust his police/prosecutorial misconduct claim in the state courts on collateral review. Furthermore, any attempt to return to state court to file a second motion for relief from judgment would be futile. Under Michigan Court Rule 6.502(G)(1), a state criminal defendant is generally permitted to only file one post-conviction motion for relief from judgment. Gadomski v. Renico, 258 F. App'x 781, 783 (6th Cir. 2007); Hudson v. Martin, 68 F. Supp. 2d 798, 800 (E.D. Mich. 1999). Petitioner's police/prosecutorial misconduct claim does not fall within one of the exceptions for filing a second motion.

Because Petitioner has not fully exhausted this claim in the state courts and he no longer has an available remedy by which to do so, the claim is now defaulted. When a habeas petitioner fails to properly present claims to the state courts and is barred from pursuing further relief under state law, he has procedurally defaulted those claims for purposes of federal habeas review. See Pudelski v. Wilson, 576 F.3d 595, 605 (6th Cir.

2009) (citing Martin v. Mitchell, 280 F.3d 594, 603 (6th Cir. 2002)).

Federal habeas relief may be precluded on a claim that a petitioner has not presented to the state courts in accordance with the state's procedural rules. Wainwright v. Sykes, 433 U.S. 72, 85-87 (1977); Couch v. Jabe, 951 F.2d 94, 96 (6th Cir. 1991). A state prisoner who fails to comply with a state's procedural rules waives the right to federal habeas review absent a showing of cause for noncompliance and actual prejudice resulting from the alleged constitutional violation, or a showing of a fundamental miscarriage of justice. Coleman v. Thompson, 501 U.S. 722, 750 (1991); Nields v. Bradshaw, 482 F.3d 442 (6th Cir. 2007); Gravley v. Mills, 87 F.3d 779, 784-85 (6th Cir. 1996). To establish cause, a petitioner must establish that some external impediment frustrated his or her ability to comply with the state's procedural rule. Murray v. Carrier, 477 U.S. 478, 488 (1986). A petitioner must present a substantial reason to excuse the default. Amadeo v. Zant, 486 U.S. 214, 223 (1988). Such reasons include interference by officials, attorney error rising to the level of ineffective assistance of counsel, or a showing that the factual or legal basis for a claim was not reasonably available. McCleskey v. Zant, 499 U.S. 467, 493-94 (1991).

In this case, Petitioner neither alleges nor establishes cause to excuse this procedural default. Any deficiencies by defense counsel relative to Petitioner's direct appeal are immaterial because Petitioner could have still properly exhausted this claim by timely seeking leave to appeal with the Michigan Court of Appeals after the trial court denied his motion for relief from judgment. A prisoner's pro se status or lack of knowledge about state court rules does not constitute cause to excuse a procedural default. Hannah v. Conley, 49 F.3d 1193, 1197 (6th Cir. 1995); Robertson v. Abramajtys, 144 F. Supp. 2d

829, 838 (E.D. Mich. 2001). The Court need not address the issue of prejudice when a habeas petitioner fails to establish cause to excuse a procedural default. Smith v. Murray, 477 U.S. 527, 533 (1986); *Long v. McKeen*, 722 F.2d 286, 289 (6th Cir. 1983).

Petitioner has also failed to demonstrate that a fundamental miscarriage of justice has occurred. The miscarriage of justice exception requires a showing that a constitutional violation probably resulted in the conviction of one who is actually innocent. Murray v. Carrier, 477 U.S. 478, 479-80 (1986). To be credible, such a claim requires a petitioner to provide new, reliable evidence that was not presented at trial. Schlup v. Delo, 513 U.S. 298, 324 (1995). Moreover, actual innocence means factual innocence, not mere legal insufficiency. Bousley v. United States, 523 U.S. 614, 623 (1998). Petitioner makes no such showing. This claim is thus unexhausted, barred by procedural default, and does not warrant habeas relief.

**V.    Conclusion**

For the reasons stated, the Court concludes that Petitioner is not entitled to federal habeas relief on the claims contained his petition. Accordingly, the Court **DENIES** and **DISMISSES** with prejudice the petition for a writ of habeas corpus.

Before Petitioner may appeal the Court's decision, a certificate of appealability must issue. See 28 U.S.C. § 2253(c)(1)(a); FED. R. APP. P. 22(b). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a district court denies relief on the merits, the substantial showing threshold is met if the petitioner demonstrates that reasonable jurists would find the court's assessment of the claim debatable or wrong.

Slack v. McDaniel, 529 U.S. 473, 484-85 (2000). "A petitioner satisfies this standard by demonstrating that ... jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Miller-El v. Cockrell, 537 U.S. 322, 327 (2003). In applying this standard, a court may not conduct a full merits review, but must limit its examination to a threshold inquiry into the underlying merits. Id. at 336-37. When a district court denies relief on procedural grounds without addressing the merits, a certificate of appealability should issue if it is shown that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the court was correct in its procedural ruling. Slack, 528 U.S. at 484-85.

Having conducted the requisite review, the Court concludes that Petitioner has not made a substantial showing of the denial of a constitutional right as to his claims and that reasonable jurists could not debate the correctness of the Court's procedural ruling. Accordingly, the Court **DENIES** a certificate of appealability. The Court also **DENIES** leave to proceed in forma pauperis on appeal because an appeal cannot be taken in good faith. See FED. R. APP. P. 24(a). This case is closed.

**IT IS SO ORDERED**.

s/Marianne O. Battani  
MARIANNE O. BATTANI  
UNITED STATES DISTRICT JUDGE

Dated: April 1, 2014

CERTIFICATE OF SERVICE

I hereby certify that on the above date a copy of this Order was served upon the Petitioner via ordinary U.S. Mail, and Counsel for the Respondent, electronically.

                                                                    s/Bernadette M. Thebolt
                                                                    Case Manager